CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

NAVID KANANI, ESQ. (SBN. 270797)
JS ABRAMS LAW, P.C.
20501 Ventura Blvd., Suite 327
Woodland Hills, California 91364
Phone (818) 330-4515 | Fax: (818) 330-4138
Email: Navid@JSAfirm.com

Attorney for Defendants

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**,<br><br>Plaintiff,<br><br>v.<br><br>**Tarzana Health Systems, LLC**, a Delaware Limited Liability Company;<br>**Peter J. Brugetti;**<br>**U.S. Bancorp**, a Delaware Corporation; and Does 1-10,<br><br>Defendants | **Case No.** 2:17-cv-02301-PA-AJW<br><br>**Joint Status Report (Rule 26) for Scheduling Conference**<br><br>Date:   June 12, 2017<br>Time:   10:30 a.m.<br><br>Honorable Judge Percy Anderson |

PURSUANT TO Rule 26 of the Federal Rules of Civil Procedure and the Order Scheduling Meeting of Counsel filed April 28, 2017, the parties hereby submit their Joint Report.

### 1. Short Synopsis of the Principal Issues

Plaintiff: Shirley Lindsay suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility. Defendants Tarzana Health Systems, LLC, and Peter J. Brugetti own the real property located at or about 19500 Ventura Blvd., Tarzana, California. Defendant U.S. Bancorp owns the US Bank branch ("Bank") located at or about 19500 Ventura Blvd., Tarzana, California. Plaintiff went to the Bank in October 2015 and May 2016 to conduct banking business.

The parking stalls and access aisles for use by persons with disabilities are not level with each other. There are slopes greater than 2.1%. In addition to not having accessible parking, the handrails that plaintiff must use to get to the ATM machine when the branch is closed are not accessible. Moreover, there is must be a level landing at the base of the ramp. Here, the landing is not level.

The defendant's failure to provide for accessible handrails, level landing and level parking at the Bank is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, she seeks injunctive relief and the statutory minimum damage award.

Defendants: Defendants deny Plaintiff's allegations and deny that Plaintiff was damaged by any act of Defendants, and deny that she was denied access to the parking lot of the premises she allegedly visited and that there were inaccessible handrails due to violations of the ADA.

### 2. Statement of Whether Pleadings are Likely to be Amended

Plaintiff: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect her type of disability and, then, amend

the complaint to ensure that the ADA claim reflects her intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendants</u>: Defendant US Bankcorp intends to dismiss its third party complaint against Defendants Tarzana Health Systems, LLC and Peter J. Brugetti. Defendants Peter J. Brugetti and Tarzana Health Systems, LLC intend to file their responsive pleading by June 1, 2017.

**3.  Statement as to Issues which may be Determined by Motion**

<u>Plaintiff</u>: believes that all liability issues can be determined by motion.

<u>Defendants</u>: also believes that liability issues can be determined by motion, as well as damages issues.

**4.  Discovery Plan per Rule 26(f)(3)**

a.  <u>Initial Disclosures</u>

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by May 31, 2017.

b.  <u>Subjects for Discovery</u>

<u>Plaintiff</u>: Plaintiff will seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible handrails, level parking and level landing at the Bank; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. The plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to

take the deposition of the Defendants and to conduct an expert site inspection.

Defendants: Defendants will seek discovery related to Plaintiff's alleged disability, her attempts to patron the premises, other similar lawsuits filed by her. Defendants intend to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cut-off date of May 14, 2018.

c.   Electronic Discovery Issues:

Plaintiff: Plaintiff hereby requests that, as part of initial disclosures, Defendants produce all surveillance audio and video footage recorded at Defendant's facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

Defendants: Prior to this joint statement, Defendants have not received any previous notices or demands by Plaintiff to preserve any electronically stored documents.

d.   Privilege or Protection Issues

None.

//
//

Joint Report of Counsel                                             2:17-cv-02301-PA-AJW

e.   <u>Limitations on Discovery</u>

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendants:</u> None.

f.   <u>Other Orders</u>

The parties do not seek another discovery order at this time.

g.   <u>Discovery Cutoff</u>

<u>Plaintiff</u>: proposes a final discovery completion date for non-expert discovery of April 23, 2018. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by April 30, 2018, and expert witness depositions be completed by May 14, 2018.

<u>Defendants</u>: Concur.

**5.   Motions Schedule**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendants</u>: Defendants is also contemplating the filing of a motion for partial summary judgment on the issues of liability and/or damages.

**6.   Settlement**

The parties believe that settlement is likely in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

**7.    Trial Estimate and Trial Dates**

<u>Plaintiff</u>: anticipates a 2-3 day trial. Plaintiff proposes that the Final Pretrial Conference be set for July 23, 2018 and Trial be set for August 7, 2018.

<u>Defendants</u>: Concur.

**8.    Additional Parties**

<u>Plaintiff</u>: does not anticipate joining any additional parties.

<u>Defendants</u>: Concur.

**9.    Jury Trial**

<u>Plaintiff</u>: requests a court trial.

<u>Defendants</u>: Concur.

**10.    Other Issues Affecting Status or Management of Case**

<u>Plaintiff</u>: does not know of any other issues regarding the status or management of the case.

<u>Defendants</u>: Concur.

**11.    Severance/Bifurcation**

<u>Plaintiff</u>: does not have any proposals regarding bifurcation, severance or other ordering of proof.

<u>Defendants</u>:Concur.

6

Joint Report of Counsel                                         2:17-cv-02301-PA-AJW

Dated: May 26, 2017                    CENTER FOR DISABILITY ACCESS


                                       By:  */s/Dennis Price*
                                       Dennis Price
                                       Attorneys for Plaintiff


Dated: May 26, 2017                    JS ABRAMS LAW, P.C.



                                       By:  */s/Navid Kanani*
                                       Navid Kanani, Esq.
                                       Attorney for Defendants

Joint Report of Counsel                              2:17-cv-02301-PA-AJW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: May 26, 2017                    CENTER FOR DISABILITY ACCESS


By: */s/Dennis Price*
Dennis Price
Attorneys for Plaintiff

8

**EXHIBIT A**

**PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES**

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 2/12/2018 |
| Non-Expert Discovery Cut-Off | 15 | 4/23/2018 |
| Expert Discovery Cut-Off | 12 | 5/14/2018 |
| Last Day to Conduct Settlement Proceedings | 10 | 5/28/2018 |
| Last Day for Law and Motion Hearings | 8 | 6/11/2018 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 7/23/2018 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 7/30/2018 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 8/3/2018 |
| Trial **(Tuesday at 9:00 a.m.)** | | 8/7/2018 |